

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-29-2007

# Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2768

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Lin v. Atty Gen USA" (2007). *2007 Decisions.* Paper 860.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/860

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-2768

———————

RUI FANG LIN,

Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,

Respondent.

———————

On Petition for Review of an Order of
the Board of Immigration Appeals
U.S. Department of Justice
(BIA No. A77-775-220)

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
June 18, 2007

Before: McKEE, FISHER, and CHAGARES, Circuit Judges

(Opinion Filed: June 29, 2007)

———————

OPINION

———————

MCKEE, <u>Circuit</u> <u>Judge</u>.

Rui Fang Lin petitions for review of an order of the Board of Immigration Appeals affirming the Immigration Judge's denial of her application for asylum, withholding of removal and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). For the reasons that follow, we will deny Lin's petition for review.[1]

## I.

We assume the parties' familiarity with the facts and procedural history. Accordingly, we need not set forth the factual or procedural background of this case.

In order to qualify for asylum or withholding of removal, Lin must establish that she is a "refugee" under the Immigration & Nationality Act ("INA"), 8 U.S.C. § 1101(a)(42)(A).[2] The definition of "refugee" includes within the protected category of persecution on account of political opinion, a "person who has been forced to abort a

---

[1]  We have jurisdiction to review the final order of the BIA under 8 U.S.C. § 1252(a)(1). Where the BIA affirms the IJ's decision without opinion, we review the decision of the IJ as if it were the decision of the BIA. *Zhang v. Gonzales*, 405 F.3d 150, 155 (3d Cir. 2005). We review adverse credibility determinations for substantial evidence. *Balasubramanrim v. INS*, 142 F.3d 157, 161 (3d Cir. 1998). Since the BIA adopted the decision of the IJ, we review the decision of the IJ as the final agency decision. *Gao v. Ashcroft*, 299 F.3d 266, 271 (3d Cir. 2002).

[2]  The Attorney General has discretion to grant asylum to any alien who demonstrates that he or she is a "refugee" within the meaning of 8 U.S.C. § 1101(a)(42)(a). 8 U.S.C. § 1158(b). However, unlike asylum, the Attorney General must grant withholding of removal if the alien demonstrates a "clear probability" that, upon return to his or her home country, his or her "life or freedom would be threatened" on account of race, religion, nationality, membership in a particular group, or political opinion. *Zubeda v. Ashcroft*, 333 F.3d 463 (3d Cir. 2003).

2

pregnancy or to undergo involuntary sterilization" under a coercive family planning program. *Id.* Lin must present sufficient evidence to establish past persecution or a well-founded fear of future persecution pursuant to China's family planning policy.

Here, the IJ rejected Lin's claim because he found her testimony was not credible. We uphold such adverse credibility determinations by the BIA or IJ unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review adverse credibility determinations of the IJ or BIA to ensure that they were "appropriately based on inconsistent statements, contradictory evidences, and inherently improbable testimony . . . in view of the background evidence on country conditions." *Dia v. Ashcroft*, 353 F.3d 228, 249 (3d Cir. 2003) (citations omitted).

## II.

Lin contends that the three inconsistencies the IJ relied upon were minor because they do not involve material elements at the heart of the claim. She argues that the resulting adverse credibility finding was also based on impermissible speculation.[3] We have explained that "some leeway must be given to the administrative arbiters to draw inferences based on common sense and logic as well as on personal experience and background knowledge gained from exposure to certain situations." *Dia*, 353 F.3d at

---

[3] The first inconsistency the IJ found was that Lin testified she went into hiding after have her first IUD removed but this information was not included in her first affidavit. The second inconsistency was based on Lin's testimony on the length of her pregnancy, which amounted to her being pregnant for 10 or 11 months. The third inconsistency was based on Lin's testimony regarding whether her husband was with her while she was in hiding.

250. The IJ must nevertheless provide "at least some insight into why he or she finds that testimony implausible." *Id.* at 250-251 n. 21.

The IJ's skepticism with Lin's testimony rests on inconsistencies in her testimony which the IJ enumerated and which Lin has not satisfactorily explained. For example, in her written asylum application, Lin claimed she became pregnant on October 1991 and that she learned of a second pregnancy while in the hospital for a gynecological examination. A.R. 654. She claimed to have overheard a doctor speaking to someone she assumed was a family planning official, and escaped after requesting permission to use the bathroom. She claimed that she went into hiding immediately and called her husband to inform him that he should go into hiding immediately as well. However, when she testified before the IJ, she said she went into hiding "a few days after the IUD was removed." A.R. 142. When asked to explain the discrepancy, she merely repeated that she went into hiding in August. *Id.* She later had another opportunity to explain when cross-examined two months later and attempted to justify the contradiction by saying she was not asked about it. A.R. 177-178. However, the IJ pointed out that the original explanation was given in a written statement rather than an interview. Accordingly, her purported explanation was no explanation at all. She then attempted to explain the contradiction by saying that she had difficulty in communicating. However, the IJ was not convinced by that explanation, and the record supports his skepticism.

This inconsistency could, by itself, justify the adverse credibility determination

4

since we agree that, despite Lin's protestations to the contrary, it goes to the heart of her asylum claim. Since we believe that the record supports the IJ's rejection of her testimony, we need not discuss the other discrepancies that troubled the IJ. After reviewing the record as a whole, we conclude that the record does not compel a contrary finding.

## III.

For all the reasons above, we conclude that the IJ's decision denying asylum, withholding of removal, and protection under the CAT is supported by substantial evidence. Accordingly, we will affirm the decision of the IJ, and deny the petition for review.